UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:11-00194-02 |
| | ) | |
| JAMES BEAN | ) | |

**MEMORANDUM AND ORDER**

Defendant James Bean has filed his "Motion To Revoke Order Of Detention" (Docket Entry No. 913), and the Government has filed a response in opposition (Docket Entry No. 919). The District Judge has referred this motion to the undersigned Magistrate Judge for decision (Docket Entry No. 915).

**Pertinent History of the Case**

On September 15, 2012, defendant James Bean was indicted and charged with one count of conspiracy to distribute 280 grams or more of crack cocaine, a quantity of cocaine and a quantity of marijuana in violation of Title 21, U.S.C. § 846, and two counts of sale of a firearm to a convicted felon in violation of Title 18, U.S.C. §§ 922(d)(1), 924(a)(2) and 2. The Government filed a superseding indictment on September 29, 2011 (Docket Entry No. 130), but the charges against defendant Bean were not changed.

At a detention hearing on September 21, 2011, defendant Bean, through counsel, waived his right to a detention hearing but reserved the right to seek release "at some point in the future if appropriate." In view of defendant's waiver, the undersigned

ordered defendant Bean detained (Docket Entry No. 111).

On April 18, 2012, defendant Bean filed his petition to enter a plea of guilty to Count One of the indictment (Docket Entry No. 363). This petition was granted and defendant's plea of "guilty" was accepted and entered by the Court. (Id.).

Defendant Bean's sentencing hearing has been scheduled for December 19, 2012, at 1:00 p.m. (Docket Entry No. 898).

## **Analysis**

The undersigned Magistrate Judge conducted a hearing on defendant Bean's motion to revoke order of detention on November 26, 2012.

Defendant Bean was the sole witness at this hearing. Summarizing, defendant Bean testified that his stepfather is on kidney dialysis treatment and has been for a few years. Defendant Bean's mother has been tested to determine her suitability as a potential kidney donor, and the family apparently has had discussions of having defendant Bean tested as a potential donor if his mother is found to be unsuitable. Defendant Bean further testified that his mother herself is partially disabled, and that his stepfather and mother desperately need his help at home to assist in managing his stepfather's medications and other matters.

In addition, defendant Bean testified that certain legal proceedings are currently pending in state court in Warren County

seeking to terminate his parental rights with respect to his second child, who is currently six years old.  Defendant Bean testified that his incarceration has materially hindered his ability to appear and contest those pending legal proceedings.

Finally, defendant Bean testified that he voluntarily turned himself in after being notified of his indictment in this case, that he has never failed to appear for any scheduled court proceeding, and that he has never been a threat to the safety of the community.

Since defendant Bean has now plead guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, <u>et seq.</u>, and is now awaiting sentencing, his motion to revoke order of detention is governed, at least initially, by 18 U.S.C. § 3143.  The undersigned finds that neither of the exceptions listed in § 3143(a)(2)(A) are applicable here.  This section requires that the undersigned "shall" order defendant Bean detained pending his sentencing.  However, despite the apparently mandatory detention provided under § 3143(a)(2), the Sixth Circuit has held that the district court nevertheless has authority to release a defendant detained pursuant to § 3143(a)(2) upon a showing of "exceptional reasons" under 18 U.S.C. § 3145(c).  <u>United States v. Christman</u>, 596 F.3d 870 (6th Cir. 2010).  In fact, the Sixth Circuit in <u>Christman</u> held that the district court erred in not considering

3

whether the defendant established exceptional reasons to support his release pending sentencing.

Following remand, the district court in the Christman case conducted a review of authorities and held that defendant Christman had not presented exceptional reasons demonstrating why his continued detention until sentencing would be inappropriate. United States v. Christman, 712 F.Supp.2d 651 (E.D. Ky. 2010). Significantly, the district court found from its review of cases that personal and familial hardship and disruption "are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system." (Id. at 656). The district court in Christman noted that caring for ill family members has generally not been considered as an "exceptional reason" within the meaning of § 3145(c). (Id.) (citing United States v. Burnett, 76 F.Supp.2d 846 (E.D. Tenn. 1999)).

Guided by the foregoing authorities, the undersigned Magistrate Judge finds that the grounds offered by defendant Bean in support of his motion to revoke order of detention, regrettable as those grounds may be, nevertheless do not establish "exceptional reasons" why defendant Bean's continued detention until his sentencing would be inappropriate, within the meaning of 18 U.S.C. § 3145(c).

For the foregoing reasons, the undersigned Magistrate Judge finds that defendant Bean's "Motion To Revoke Order Of Detention" should be DENIED.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
